[775 NYS2d 324]

In the Matter of SUZANA FRLAN-ZOVKO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 5, 2004

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition, dated December 10, 2002, containing eight charges of professional misconduct. After a preliminary hearing on February 6, 2003, and a hearing on April 4, 2003, the Special Referee sustained all eight charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent admitted the factual allegations of the petition and requests that the Court either remit this matter to the petitioner for whatever action it deems appropriate or to limit any sanction imposed to a public censure.

Charge One alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between approximately October 1996 and October 1998, the respondent maintained an IOLA account at Fleet Bank. During that time, funds entrusted to her as a fiduciary, incident to her practice of law, were deposited into her IOLA account. In or about October 1996, the respondent was retained by and appointed attorney-in-fact on behalf of Franjo Vasilj to marshall and distribute the assets of Mr. Vasilj's deceased mother, Andja Brajica. The respondent received checks as fiduciary for Mr. Vasilj in the amounts of $29,000 and $9,575. The respondent improperly deposited the $9,575 check into her business account.

Charge Two alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about October 8, 1996, the respondent deposited the $29,000 check referred to in Charge One into her IOLA account. Between October 8, 1996, and May 6, 1998, the respondent was required to maintain at least $11,400 on deposit in her IOLA account on behalf of Franjo Vasilj. Between January 5, 1998, and May 6, 1998, the respondent's IOLA account was depleted well below the $11,400 she was required to maintain. The balance was $17.58 on April 22, 1998.

Charge Three alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about September 10, 1997, the respondent deposited $8,249 in her IOLA account as a fiduciary on behalf of an individual named O'Brien. On or about February 10, 1998, the respondent disbursed $8,149 from her IOLA account to O'Brien. Between approximately September 10, 1997, and February 10, 1998, the respondent was required to maintain at least $8,149 on deposit in her IOLA account. On or about January 5, 1998, the balance in the respondent's IOLA account was depleted to $5,055, well below the amount she was required to maintain.

Charge Four alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about April 27, 1998, the respondent deposited $3,300 in her IOLA account as fiduciary on behalf of an individual named Lauricella. On or about May 5, 1998, the respondent deposited $5,000 as fiduciary in her IOLA account on behalf of an individual named Popovic. As of May 6, 1998, the respondent was required to maintain $8,300 in her IOLA account on behalf of Lauricella and Popovic. On May 6, 1998, the balance in the respondent's IOLA account was depleted to $6,932, well below the amount she was required to maintain.

Charge Five alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). On or about September 9, 1998, the respondent deposited $10,000 in her IOLA account as fiduciary on behalf of an individual named Leviano. From approximately September 9, 1998, through October 29, 1998, the respondent was required to maintain $10,000 in her IOLA account on behalf of Leviano. On October 23, 1998, a $10,000 check drawn on the respondent's IOLA account on behalf of Leviano and payable to the order of Maximo Figueredo, was returned for insufficient funds.

Charge Six alleges that the respondent commingled funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a]

■ On or about January 22, 1998, the respondent deposited approximately $3,600 in earned legal fees into her IOLA account. On or about April 27, 1998, she deposited $9,500 from her personal savings account into the IOLA account.

Charge Seven alleges that the respondent improperly drew IOLA checks to cash, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent drew the following checks on her IOLA account payable to cash:

| DATE | CHECK # | AMOUNT |
|------|---------|--------|
| 2/19/97 | 1059 | $2,000. |
| 3/07/97 | 1060 | 500. |
| 5/0797 | 1065 | 4,000. |
| 9/07/97 | 1072 | 1,150. |
| 1/05/98 | 1087 | 4,000. |

Charge Eight alleges that the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Between October 1996 and October 1998, the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from her IOLA account.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained Charges One through Five to the extent that they alleged violations of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), and Charges Six, Seven, and Eight in their entirety. The motion to confirm the Special Referee's report is granted to that extent and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider her complete cooperation with the petitioner, the absence of venal intent, the lack of complaints from any client, the fact that she derived no benefit from any of her technical violations, and the changes she has made to her office practices to ensure that the errors she made between 1996 and 1998 do not recur. The respondent has retained an accountant who set up a system for her, set up ledgers for her, showed her how to reconcile her books, and comes in quarterly to review her reconciliations. The respondent is the only attorney in Queens County who is fluent in the Croatian language and performs numerous pro bono activities

for the Croatian-American community. The respondent noted her involvement in charitable, religious, civic, and business organizations in the community, including the Croatian World Congress. A number of character witnesses testified on the respondent's behalf. In addition, she submitted 18 letters from individuals attesting to her excellent reputation.

The respondent has no prior disciplinary history.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Suzana Frlan-Zovko, is suspended from the practice of law for a period of three years, commencing May 5, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof that during that period, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Suzana Frlan-Zovko, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if Suzana Frlan-Zovko has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Suzana Frlan-Zovko shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).